LaSalle National Bank, a National Banking Association, as Trustee Under its Trust No. 24356, et al., Plaintiffs-Appellees, v. The Village of Lombard, a Municipal Corporation in the State of Illinois, Defendant-Appellant.

Gen. No. 64–139.

Second District.

October 25, 1965.

Rehearing denied December 22, 1965.

Jack E. Bowers, of Downers Grove (John R. Mackay, of counsel), for appellant.

Schmid and Orstrom, of Glen Ellyn (Paul S. Schmid, of counsel), for appellees.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, wherein plaintiffs had sought a declaratory judgment that the defendant's R–1 single family district residential zoning was arbitrary and confiscatory as to the plaintiffs' property. The only issue is the correctness of the judgment of the trial court in holding that provision of the zoning ordinance unreasonable and arbitrary insofar as said provisions apply to the property of the plaintiffs.

This suit involves Lots 1 and 2 in Oak Terrace, a subdivision of Lot 11 and part of Lot 12 in E. W. Zander and Company's Addition to Lombard. Lot 1 is on the Southeast corner of Route 53 and St. Charles Road and Lot 2 adjoins it on the East, having a frontage on St. Charles Road. Route 53, at this point, is a four-lane highway. On the Southwest corner is an unoccupied, frame house and to the West thereof is an English type basement used as a church, a permitted R–1 use under the Village zoning ordinance. Private residences are located on the Northeast and Northwest corners of the intersection. To the East of the residence on the Northeast corner of the intersection is a delicatessen and food store, which is a nonconforming use subject to the amortization provisions of the Village ordinance. To the South of the property along Route 53 five homes have been built in the last eighteen to twenty-four months. There are traffic lights at the intersection which have been functioning for the past five or six years. Approximately 1,600 feet to the North of the subject property is the right of way and tracks of the Chicago and Great Western Railway, running in an easterly and westerly direction, while the right of way and tracks of the Chicago and Northwestern Railroad is located approximately 1,100 feet to the South of the subject property. These rights-of-way tend to create boundaries separating the areas between them from the areas beyond. To the South and

beyond the Chicago and Northwestern right-of-way at a point approximately ¼ mile from the subject property there is located the Municipal Sewage Treatment Plant. Beyond the Village limits and to the West of Route 53 and running parallel with it Commonwealth Edison Company maintains high tension lines. Almost ½ mile East of the subject property on St. Charles Road is a small area zoned B–3 in which there is a gas station and a one story industrial structure. The proposed use of the subject property by the plaintiffs is that of a gas station. During one 21 hour period a total of 8417 vehicles passed this intersection, according to a traffic study survey.

Fred M. Kleinedler, who has lived at the Northwest corner of the intersection for 38 years, testified that from the Spring of the year to late Winter when the wind is from the South, objectionable odors from the Village sewage treatment plant forces them to close the doors and windows of their homes. In the 38 years he has lived at this location he has never complained to the Village about the odor. Harold Meehan, owner and lessor of the house on the Northwest corner of the intersection, had lived there about 10 or 12 years. He testified he had first noticed the odors from the treatment plant in the early 1950's. He testified the odors were very objectionable. The other witnesses called on behalf of the plaintiff all testified to having a long familiarity with the subject property. None of them testified as to any odor from the treatment plant. Carl Petermann, Director of Public Works for the Village, testified that the digestor at the plant makes the effluent odorless. Both Kleinedler and Meehan had suits pending against the Village seeking a change in zoning of their properties from residential to business.

A short distance to the North of the subject property, at the intersection of North Avenue and Route 53, there are situated three gasoline stations, two of which were closed at the time of the trial.

214

The defendant contends that the plaintiffs' evidence fails to establish (1) clearly and affirmatively that the proposed use would be in conformity with the neighborhood, (2) that there was a need in the Village for another gas station, and (3) that the volume of traffic or the odor from the sewage treatment plant were intrusions into the residential character of the neighborhood.

Plaintiffs, in urging affirmation of the trial court's decision, rely heavily on the malodorous odors from the Village sewage treatment plant and other nonresidential uses of property location from 1,600 to 1,800 feet away from subject property, on the high volume of traffic at the intersection, and on alleged difficulties in selling the two residences located at the intersection.

A decision in this case presents no novel legal problems. It requires only the application of the well settled rules of zoning law to the facts. The general rules applicable to zoning cases are so well established and have been so often reiterated by the courts that we will not restate them here.

██ Of paramount importance in determining the validity of a given zoning classification is the question as to whether or not it is in conformity with the surrounding existing uses. We must also bear in mind that zoning lines must begin and end somewhere, and if the most that can be said as to whether the property should be characterized as residential or commercial is that the question is fairly debatable, then the question should be determined under the legislative authority of the Village and not by the courts. LaSalle Nat. Bank v. City of Chicago, 6 Ill2d 22, 31, 126 NE2d 643.

██ In LaSalle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 46, 145 NE2d, the Court ruled:

"It is well established that it is primarily the province of the municipal body to determine the use and purpose to which property may be devoted, and it is neither the province nor the duty of the courts to interfere with the

215

discretion with which such bodies are vested unless the legislative action of the municipality is shown to be arbitrary, capricious or unrelated to the public health, safety and morals."

As already pointed out, only two of the witnesses for plaintiffs testified as to odors from the treatment plant, both of whom have zoning cases pending involving their own property. Neither the plaintiffs' other witnesses nor the four witnesses called by defendant (all residents of the area) testified as to objectionable odors. All of the nonresidential uses within the Village were of considerable distance from the subject property. As was said in Elmhurst Nat. Bank v. City of Chicago, 22 Ill2d 396, at page 405, 176 NE2d 771:

"Of greater significance is the fact that the west boundary of the subject property itself faces residential property, and that westward along Northwest highway on both sides of the street and extending beyond the Park Ridge boundary line the area is entirely residential. It is these contiguous and nearby uses which should be, and are, determinative of the character of the subject property, rather than the zoning authorizing office buildings ¼ of a mile away in Park Ridge."

We cannot agree with plaintiffs that the high volume of traffic at the intersection imparts a commercial character to the subject property. Liberty Nat. Bank of Chicago v. City of Chicago, 10 Ill2d 137, 139 NE2d 235; River Forest State Bank & Trust Co. v. Village of Maywood, 23 Ill2d 560, 179 NE2d 671.

■ On the question of property values, the fact alone that the property in question may be more valuable if zoned for other uses is not decisive. This fact exists in nearly every case. First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 227, 130 NE2d 267.

■ Under the evidence as we view it, the most that can presently be said for plaintiffs' case is that it presents a fairly debatable question as to the reasonableness of the

restriction imposed, and under the circumstances we believe that the question should be determined by the Village authorities and not by this court.

Judgment reversed.

MORAN and DAVIS, JJ., concur.