**Exchange National Bank of Chicago, as Trustee, Appellee, v. City of Waukegan, a Body Politic and Corporate, et al., Appellants.**

Gen. No. 66–138.

Second District.
July 26, 1967.
Rehearing denied September 28, 1967.

Murray R. Conzelman, and Donald T. Morrison, of Waukegan, for appellants.

Frank M. Daly, of Waukegan, for appellee.

MR. JUSTICE O'SULLIVAN delivered the opinion of the court.

This is a declaratory judgment action to test the validity of R–2 Single-Family Zoning of a tract of approximately five acres of land in the City of Waukegan in Lake County. Plaintiff desires to build apartments on the property. The Trial Court found the single-family zoning invalid as to the "East Portion" of the subject property but valid as to the "West Portion."

Plaintiff is the owner of an L-shaped, unsubdivided tract, comprising fifteen acres on the north side of the City of Waukegan in Lake County. The entire tract is zoned R–2 single-family residential. Plaintiff originally petitioned the Zoning Board of Appeals of the City to rezone the entire tract for apartment use. The Zoning Board approved the Petition, but the City Council denied relief. Plaintiff then petitioned for a rezoning of the easterly five acres for apartment use. Both the Zoning Board and the City Council denied plaintiff's Petition. This suit was then filed, concerning only the zoning of the easterly five acres.

The intervenors-appellants are property owners, who reside in single-family homes adjacent to the subject property on its south boundary in the Marycrest Subdivision.

The property in question is approximately five acres in size and vacant. It measures 780 feet from east to west and 328 feet from north to south. The property on the east is zoned for commercial purposes and is developed with the Topps and Bells Discount Stores. The property on the south is zoned R–3 for single-family residential purposes and is completely developed with single-family homes in the Marycrest Subdivision. Slightly south and east of the subject property is a small tract, zoned R–5 for apartment purposes. The only improvement on that property is one single-family home. The property to the west is vacant, zoned R–2 single-family, and owned by plaintiff. Southwest of the subject property is the Berry's Fair Oaks Subdivision, zoned R–2 and developed with single-family homes. Directly north of the subject property is the Clearview Apartments, zoned R–5 and developed with apartment buildings. West of the Clearview Apartments are a public school, an Army Reserve Training Center, and public housing units. All of these uses are zoned R–5.

462

The property in question is unsubdivided. Berwick Avenue dead-ends at both the north and south side of the property approximately 120 feet east of the west edge of the subject property.

The court entered a Judgment Order in the matter, finding among other things: That Berwick Avenue terminates at both the north and south boundaries of the subject property and if continued through, a straight connecting course would bisect the subject land, and said subject land is for the purpose of this Order divided into two parts—one called the "East Portion," being that part east of a line drawn straight between the easterly side of the termini of Berwick Avenue, both north and south of the subject property, and the balance of the subject land being herein called the "West Portion"; and that said property is zoned R–2 District, single-family residence district, under the Zoning Ordinance of the City of Waukegan, Illinois, as amended April 24, 1961.

In said Order the court found (1) that the "East Portion" of the subject land is adversely affected, by the commercial development along Lewis Avenue and abutting it on the east, for uses permitted under R–2 Residence District Classification, and (2) that its highest and best use is for multiple-family dwellings; that said Ordinance, as it purports to restrict the "East Portion" to R–2 single-family residence use, is unreasonable and accordingly invalid; that the refusal to grant the change of classification, requested by plaintiff, as to the "East Portion" is unreasonable; and that as to the "West Portion" and its removal from the Lewis Avenue uses, and its being the gateway to the ten acres to the west with the single-family uses to the south, the application of the present authorized uses is in keeping with the uses, surrounding it, and that such application is not unreasonable or invalid.

■■■■■■■■■■■

Defendants contend that the zoning classification of the subject property is presumed valid; and that where a fair difference of opinion exists, the court has no power to rezone the property. They also contend that the Trial Court erred in dividing the property for zoning purposes. The Trial Court in effect cut Berwick Avenue through, held the single-family zoning on that part of the subject property east of Berwick to be invalid and held such classification valid on that part of the property west of Berwick. In Fiore v. City of Highland Park, 76 Ill App2d 62, at page 67, 221 NE2d 323, the court said:

> "It would serve no useful purpose to reiterate here the oft-repeated factors to be considered in determining whether a given zoning ordinance is invalid as applied to particular property. See: Myers v. City of Elmhurst, 12 Ill2d 537, 543, 544, 147 NE 2d 300 (1958); La Salle Nat. Bank of Chicago v. County of Cook, 12 Ill2d 40, 46, 47, 145 NE2d 65 (1957); Hoffmann v. City of Waukegan, 51 Ill App 2d 241, 244, 201 NE2d 177 (1964). Such factors will be referred to herein insofar as they are relevant to the determination of this case."

Such procedure will be followed in this opinion.

The Trial Court has no authority to divide the property. As the Supreme Court said in the case of Bredberg v. City of Wheaton, 24 Ill2d 612, at page 624, 182 NE2d 742:

> "We may say at once that nothing in our decisions in Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill2d 370, and Illinois Nat. Bank & Trust Co. v. County of Winnebago, 19 Ill2d 487, was intended to permit a Trial Court to constitute itself as a zoning authority by carving out and rezoning a portion of the land in litigation."

A similar situation arose in the case of Treadway v. City of Rockford, 24 Ill2d 488, 182 NE2d 219, where the Trial Judge established conditions upon the use of the property over and above the conditions, set forth in the Zoning Ordinance. The Supreme Court said at pages 493 and 494:

> "The entire record is permeated by the Trial Court's misapprehension of its function in a zoning case. It is apparent that the trial judge conceived that he bore the ultimate responsibility for determining in minute detail what zoning regulations should govern the property in question. This is, of course, completely at variance with the fundamental principles, governing zoning cases, which have been reiterated many times. Zoning lies primarily within the province of the municipality, and it is neither the province or the duty of courts to interfere with the discretion with which the municipal authorities are vested, unless the action of the municipal authorities is shown to be unrelated to the public health, safety, and morals. (Citations.) Nothing in our decision in Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill2d 370, nor in any of the similar cases detracts from this fundamental principle."

It appears that the Trial Judge divided the property for zoning purposes, and plaintiff has not appealed his decision regarding the so-called "West Portion" of the subject property. Therefore, the only matter before this court is the decision of the Trial Court with reference to the so-called "East Portion." That is, less than the whole, and any decision regarding the "East Portion" would constitute a division of the property in violation of the principles announced in the foregoing cases.

Defendants further contend that the Trial Court erred in rezoning the property. The extent of the court's

465

jurisdiction is to determine the validity of the present zoning, and if he determines it to be invalid, then he can determine the reasonableness of the plaintiff's proposed use, if indeed plaintiff has submitted a proposed use.

As the court said recently in the case of Fiore v. City of Highland Park, supra, at pages 75 and 76:

"... the further part of the decree, which provided that 'The defendant is hereby ordered to permit the said portions of plaintiff's property to be used for multiple-family dwellings under the classifications "F" of the Highland Park Zoning Ordinance . . . ,' is likewise improper and void, in that it is too broad. Thereby the court assumed the legislative function of determining the ultimate zoning classification of the property in question. (Citations.) The most that a court may do after declaring an existing zoning ordinance void as applied to certain property is to find that the specific use contemplated by the owner is reasonable and may be permitted."

In the present case the Trial Court did not admit evidence of plaintiff's proposed use. There was some evidence offered, but it was not of such a nature that it could reasonably and specifically state the use to which the property was to be put. However, in view of our conclusions herein it is unnecessary to go further into this phase of the case.

The court found that the "East Portion" of the property in question should be zoned as R-5; it then ordered the property divided for zoning purposes. Such order usurped the powers of the legislative governmental body, and the order was contrary to the principles of law established by the foregoing authorities. Because the court divided the property for zoning purposes, the

proper administrative agencies of the defendant city were never called upon to consider the question of changing the zoning of that particular property as is required by law. See: Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270.

For the reasons herein set forth, we are of the opinion that the court erred in its judgment, ordering the "East Portion" of the property to be zoned as R–5, the apartment building classification. It is therefore ordered that the judgment of the Circuit Court of Lake County be reversed.

Judgment reversed.

DAVIS, P. J. and ABRAHAMSON, J., concur.