Robert Seith and Margaret Seith, Plaintiffs-Appellants, v. City of Wheaton, a Municipal Corporation, Defendant-Appellee.

Gen. Nos. 66–129, 67–13. (Consolidated.)

Second District.

December 12, 1967.

Leonard Bosgraf, of Chicago, for appellants.

Peregrine, Stime and Henninger, of Wheaton, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from judgments of the Circuit Court of DuPage County. Plaintiffs commenced this action seeking a declaratory judgment that the zoning ordinance of the City of Wheaton, classifying plaintiffs' property to a Class A, single-family residence district, was unconstitutional and invalid. Plaintiffs seek the right to improve their property with an automobile service station.

After trial before the court, a judgment was entered finding the zoning ordinance as applied to plaintiffs' property valid, and further, that the proposed use as an automobile service station would violate certain ordinances of the City forbidding the storage of flammable materials

within 200 feet of a high school grounds. From this decree, entered on August 2, 1966, plaintiffs filed a notice of appeal on August 31, 1966. On November 29, 1966, plaintiffs filed a petition under section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72) to vacate the decree on the grounds that the ordinance concerning the storage of flammable liquids was invalid, in that it had not been published.

The trial court denied this petition on the basis that it had lost jurisdiction with the filing of notice of appeal from the first decree upholding the validity of the zoning ordinance and the storage of flammable liquids ordinance. Both appeals were consolidated for hearing in this court.

The subject property is situated in the City of Wheaton on the northeast corner of Roosevelt Road, which runs east and west, and Naperville Street, which runs north and south. It has frontage of 216 feet on Roosevelt Road and 200 feet on Naperville Street. The site is improved with a 16-room frame residence. Although zoned single-family residential, this residence has been divided in recent years into five apartments. Naperville Street is a two-lane thoroughfare carrying approximately 4,450 vehicles per day north of Roosevelt Road and approximately 5,000 vehicles per day south of Roosevelt Road. Roosevelt Road, also known as Route 30, is a major four-lane state highway carrying approximately 15,000 vehicles per day past this intersection. The intersection is protected by traffic signals that operate throughout the day and night. The predominate use within a quarter mile or more of the subject property is residential; to the north and south properties are residential with the exception of the residence of Dr. Moss which also contains his dental office; west to the city limits it is residential with the exception of:

> (a) Wheaton Central High School, located immediately west of the subject property, which school has an enrollment of 1710 students;

448

(b) A park at the west end of the high school grounds;

(c) A small YMCA building west of the park;

(d) A small retail business area five blocks west of the subject property at the northwest corner of Roosevelt Road and Sunnyside Avenue; and

(e) Two gas stations, six blocks away at the northwest and southwest corners of Roosevelt Road and Delles Road;

To the east it is residential for more than a quarter of a mile with the exception of a chiropractic home occupation use and a church building, both on the south side of Roosevelt Road.

Numerous witnesses were presented by both parties. The plaintiffs presented evidence that, subject to rezoning, Texaco, Inc. had entered into an agreement to purchase the property for the sum of $118,000; that under the single-family residence zoning the appraised valuation would not exceed $26,000 and that a fair market value for a nonconforming use would be approximately $32,000. All of the witnesses for plaintiff agreed that in recent years there had been a marked increase in the volume of traffic along Roosevelt Road. One real estate appraiser for plaintiff testified in his opinion that the use of the property for an automobile service station would not cause any adverse effect on the adjoining property in the immediate neighborhood. An appraiser for the City testified that in his opinion the proposed gas station would depreciate the residences to the north of the subject property by between 15% and 20% and to the east by 10%. Depreciation would be less as the properties were more remote from the subject site. Several experts testifying on behalf of the City agreed that the highest and best use of the subject property is for multifamily and not single-family residences as it is presently zoned. The City

also presented evidence that there was no need either from an economic standpoint or from a community convenience standpoint for a gas station in the immediate area of the subject property.

 A decision in this case as to the validity of the zoning ordinance presents no novel legal problems. It requires only the application of well settled rules of zoning law to the facts. So well established are the general rules applicable to zoning cases and so often have they been reiterated that we will not again state them. This court has long considered of paramount importance the question of whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform as established. Zoning lines must begin and end somewhere and, if the most that can be said as to whether the property should be characterized as residential or commercial is a fairly debatable question, then the question should be determined by the legislative authority of the Village and not by the courts. LaSalle Nat. Bank v. City of Chicago, 6 Ill2d 22, 31, 126 NE2d 643. In LaSalle Nat. Bank v. County of Cook, 12 Ill2d 40, 46, 145 NE2d 65 the court ruled:

> "It is well established that it is primarily the province of the municipal body to determine the use and purpose to which property may be devoted, and it is neither the province nor the duty of the courts to interfere with the discretion with which such bodies are vested unless the legislative action of the municipality is shown to be arbitrary, capricious or unrelated to the public health, safety and morals."

The subject property is admittedly situated on a busy intersection, and there is little doubt that the heavy traffic affects its desirability for residential use, at the same time enhancing its value for commercial purposes. The high volume of traffic does not of itself impart a commercial character to the subject property. Liberty

Nat. Bank of Chicago v. City of Chicago, 10 Ill2d 137, 145, 139 NE2d 235; LaSalle Nat. Bank v. Village of Lombard, 64 Ill App2d 211, 216, 212 NE2d 321. There can be little doubt here that the surrounding area is predominantly residential in character and that this has been a long established classification of use and that the subject property is not inappropriate for such use. The fact that plaintiffs' property might be worth more if more intensive use were permitted is true in most every case when use of private property is restricted by zoning ordinances. This is not of itself sufficient to invalidate the ordinance. First Nat. Bank of Lake Forest v. County of Lake, 7 Ill2d 213, 227, 130 NE2d 267. Although the highest and best use of the property may be for either duplex and less density multiple use or the fact that the property would be worth substantially more to the owner if the restriction were removed is not in our opinion sufficient to overcome the presumption of the validity of the Wheaton zoning ordinance, so as to permit a commercial use in this area. Meister v. City of Wheaton, 68 Ill App2d 133, 214 NE2d 909 (abst.). To overcome the presumption of validity, however, plaintiffs must establish by clear and convincing evidence that the ordinance is unreasonable and unrelated to public health, safety or welfare. Padgett v. City of Oakbrook Terrace, 89 Ill App2d 244, 231 NE2d 466.

For these reasons we believe the judgment of the trial court in sustaining the ordinance should be affirmed.

■ Relative to the petition under section 72 of the Civil Practice Act, plaintiffs argue before this court that the failure of the City of Wheaton to publish Ordinance No. E–839 regulating the location of tanks for storage of flammable liquids, rendered the ordinance invalid. The City contends that the failure to perform the ministerial act of publishing the ordinance does not affect its validity, and that since the ordinance does not set forth any penalty for its violation, it need not, as a matter of law be

published. The question of the publication of the storage ordinance was not raised in the trial court until after the notice of appeal had been filed.

The refusal of the trial court to consider the section 72 petition to vacate the decree of August 2, 1966, was in error. The trial court had not lost jurisdiction. Johnson v. Thomas, 75 Ill App2d 407, 411, 221 NE2d 44.

Because we are affirming the trial court relative to the zoning ordinance issue we conclude that there is no necessity to remand the section 72 petition for further action by the trial court.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.