Frank Murphy and Harriet A. Murphy, Plaintiffs-Appellees, v. City of Countryside, a Municipal Corporation, Defendant-Appellant.

Gen. No. 53,208.

First District, Fourth Division.

October 1, 1969.

Rehearing denied October 24, 1969.

Klein, Thorpe, Kasson & Jenkins, of Chicago (Arthur C. Thorpe, of counsel), for appellant.

Hall, Borkenhagen & Gustafson, of LaGrange (Raymond H. Borkenhagen, of counsel), for appellees.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Plaintiffs brought a declaratory judgment action seeking a declaration that defendant's zoning ordinance which restricts the use of their property to R–1, single-family dwellings, is void, and further seeking permission to erect apartment buildings as permitted under the R–5 (multiple-family) use classification.

The court, adopting the recommendations of the master, declared the ordinance void as applied to the southern half of plaintiffs' property and rendered a decree allowing plaintiffs to use the southern half of their property for the "uses permitted in the R–5 use districts" of the City of Countryside; the ordinance was declared valid as to the northern half of plaintiffs' property.

Defendant appealed, contending that its zoning ordinance is valid as to the whole of plaintiffs' property; plaintiffs cross-appealed, asserting that the ordinance is void as to the whole of their property.

Plaintiffs' property is a rectangular shaped parcel of vacant land (722 feet by 330 feet) located on the south side of 57th Street a few hundred feet west of LaGrange Road. The parcel has a 722-foot frontage on 57th Street. Immediately to the east of plaintiffs' property and contiguous to it is an automobile agency which extends to and fronts on LaGrange Road. That property formerly belonged to plaintiffs but was sold to Chrysler Motors after having been rezoned for commercial use with plaintiffs' participation and assistance. South of the Chrysler property and along LaGrange Road is a hotel followed to the south by residential property, and then three houses which front on 58th Street.

Directly to the south of plaintiffs' property and just to the west of the property along LaGrange Road hereinabove described is unimproved land for two blocks to 59th Street, with the exception of a single-family home at 58th Street. 58th Street does not extend all the way across the section of unimproved land, rather it extends only 700 feet west off of LaGrange Road (the depth of the commercial zoning classification along LaGrange). South of 59th Street is a drive-in movie theater; and south of that there is vacant land for about two blocks to Route 66.

Immediately to the west of the plaintiffs' parcel is the plaintiffs' own dwelling, and to the west of that there are two homes fronting on 57th Street. Farther west there are medium single-family homes ranging in price from $18,000 to $32,000. To the north the parcel is bounded by single-family homes that front on the north-south streets running north from the plaintiffs' parcel.

Plaintiffs' experts testified that the highest and best use of the subject property was for multiple-family resi-

303

dences. Defendant's experts testified that the highest and best use would be for continued single-family development. The latter based their opinion upon the fact that (1) with multiple-family zoning there would be an increase in density of families per acre from two per acre to almost thirty family-dwelling units per acre on the subject property; (2) a multiple-family use would decrease the land value of the adjoining properties, some by as much as ten percent; and (3) the existing development within the City of Countryside is for single-family use and a rezoning to R-5 would have a detrimental effect on an established single-family area by disturbing the balance of the remaining vacant land which could be developed for single-family residences.

The defendant contends that the trial court erred in dividing the property for zoning purposes. We agree. In Exchange Nat. Bank of Chicago v. City of Waukegan, 85 Ill App2d 461, 229 NE2d 562 the plaintiff desired to build apartments on its property. He sought to rezone the property and the trial court, upon review of the City's denial to rezone, split the property in half, finding the City's zoning ordinance invalid as to the "East Portion" of the subject property but valid as to the "West Portion." Upon appeal the lower court decree was reversed. The court stated:

> "The Trial Court has no authority to divide the property. As the Supreme Court said in the case of Bredberg v. City of Wheaton, 24 Ill2d 612, at page 624, 182 NE2d 742:
>
>> " 'We may say at once that nothing in our decisions in Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill2d 370, and Illinois Nat. Bank & Trust Co. v. County of Winnebago, 19 Ill2d 487, was intended to permit a Trial Court to constitute itself as a zoning authority by carving

out and rezoning a portion of the land in litigation.' "

. . . . . .

"The court found that the 'East Portion' of the property in question should be zoned as R–5; it then ordered the property divided for zoning purposes. Such order usurped the powers of the legislative governmental body, and the order was contrary to the principles of law established by the foregoing authorities. Because the court divided the property for zoning purposes, the proper administrative agencies of the defendant city were never called upon to consider the question of changing the zoning of that particular property as is required by law. See: Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270."

██ For the reasons set forth above, we find that the trial court erred in dividing and rezoning the property. The judgment declaring the southern half of plaintiffs' property invalid is reversed.

In their cross-appeal the plaintiffs contend that on this record the present R–1 classification of the City should be held void as to the whole of the subject premises. We do not agree. Declaring the City's present zoning ordinance invalid, as applied to plaintiffs' property, is not warranted. In Reeve v. Village of Glenview, 29 Ill2d 611, 616, 195 NE2d 188, the court held:

Courts have authority to pass upon the validity of a zoning ordinance, but this does not include the legislative function of determining the ultimate zoning classification of the area. (National Buick Co. v. County of Lake, 9 Ill2d 191.) An exception to this rule was laid down in Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill2d 370, where we held the

court empowered to avoid undesirable results by framing its decree with reference to the record before it. However, the Sinclair case and others following it were cases in which the evidence showed the specific proposed use of the property. Where the record fails to show any evidence of the use proposed, this rule does not apply. In the instant case, the record is wholly devoid of any evidence of proposed use.

■ In the case before us the same situation exists. Although plaintiffs' expert witnesses testified that the highest and best use of the subject property was for multiple-family residences, two of these experts, in so testifying, stated that no detrimental or adverse effect would be caused to the City or the adjoining property owners if the multiple-family development was properly designed and planned. However, no such design or plan was introduced into evidence by the plaintiffs and the decree made no reference to any such design or plan. Therefore, since no design or plan of the contemplated use of the property was made part of the record, the plaintiffs could not sustain their burden of proving the unconstitutional effects of the challenged ordinance as applied to their property, and the court had no basis upon which to frame its decree so as to avoid usurping the legislative power of the City's zoning authorities. Reeve v. Village of Glenview, supra; Harshman v. City of De Kalb, 64 Ill App2d 347, 212 NE2d 146.

■ The plaintiffs also failed to show that they would sustain any hardship by the enforcement of the City's present R–1 ordinance. They presented no evidence which established that the present single-family zoning depreciated the value of their property, nor did they show any effort to sell the property under its present R–1 use. As the court stated in First Nat. Bank & Trust Co. v. Evanston, 53 Ill App2d 321, 325, 203 NE2d 6:

It is a well established rule of law that a person who seeks to attack the validity of an ordinance is required to show that he is sustaining or is in danger of sustaining some hardship or injury as the result of the enforcement of the ordinance. *Clark Oil and Refining Corp. v. City of Evanston*, 23 Ill2d 48, 177 NE2d 191, and cases therein cited.

For the reasons herein set forth, the judgment rezoning the southern half of the property to R–5 is reversed. The judgment which sustains the ordinance as applied to the northern half of the property is affirmed. Thus, plaintiffs' entire property remains subject to the requirements of the R–1 zoning classification.

Reversed in part; affirmed in part.

ENGLISH and STAMOS, JJ., concur.