JOE Y. SHIBATA *et al.*, Plaintiffs-Appellants, *v.* CITY OF NAPERVILLE, Defendant-Appellant.

(No. 70-172;

Second District—September 17, 1971.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellants.

Peregrine, Stime & Henninger, of Wheaton, (Hartman E. Stime, of counsel,) for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, as the owners and contract purchasers respectively, applied for a rezoning of the subject property from R-2 (Two Family Residential) to B-1 (Retail Business). The city denied the application. Plaintiffs filed a declaratory judgment action and now appeal from the judgment of the trial court denying relief.

The court found that all uses lying west of the easterly line of the subject property, both north and south of Chicago Avenue in Naperville are residential in character, with the exception of a small neighborhood grocery store with living quarters, which is a nonconforming use. Other uses in the area include a parcel of land, zoned M-1, located on the south side of Chicago Avenue and east of the easterly line of the subject property in an unincorporated area outside of, although surrounded by, the city. A material yard, a boiler works, buildings for storage, and a Commonwealth Edison Substation are located on this M-1 property. Immediately east of the subject property and on the north side of Chicago Avenue there is a vacant 60 acre tract known as the "Tecton" property.

The court, after hearing conflicting expert testimony of appraisers and

land planners and other evidence, determined that the residential uses in the area characterized the property; it thus held that the presumption of validity of the city zoning ordinance had not been overcome.

The principal issue raised by the plaintiffs relates to the controverted character of the Tecton property and its bearing on the court's ultimate decision. Plaintiffs in their complaint alleged that the Tecton property was "vacant farm land zoned C-1" (Retail Business), and the city did not deny this in its answer. There was, however, evidence adduced at the trial from which the court found that the Tecton parcel—previously zoned R-1—had been rezoned by the city in 1963 to C-1 but subject to a Declaration of Restrictions (which was referred to in the ordinance and subsequently recorded). By this Declaration the owner was severely restricted in his use of the Tecton property and gave up any right to construct R-3 (Multiple Family) buildings on the property, which otherwise would have been a permitted use in the C-1 zone. The Declaration of Restrictions also contained the following provision:

"9. That this Declaration of Restrictions or any part thereof may be abrogated by a Resolution adopted by the City Council of the City of Naperville, Illinois, and the City Council shall be the sole legal entity that may enforce said covenants."

The court further found that upon a petition by the owners of the Tecton tract, the city council, prior to the judgment below but after the filing of this suit, had adopted a Resolution abrogating the uses set forth in the Declaration of Restrictions and substituting R-3 uses with an added limitation of 9.85 units per acre. The court, in a memorandum opinion, questioned whether the city's procedure was proper, but, noting that the zoning change was not subject to collateral attack, was of the opinion that the Tecton property for the purpose of this proceeding would be considered as zoned R-3.

In his memorandum the trial judge extensively reviewed the evidence under the traditional zoning standards. He considered the elements of differing values in R-2 and B-1 uses, traffic conditions, the nonconforming use to the west of the subject property, and the character of the neighboring property, including the Tecton tract and the industrial area to the southeast, south of Chicago Avenue. Applying the principles set forth in the authorities (*e.g., Elmhurst Nat. Bk. v. City of Chicago* (1961), 22 Ill.2d 396, 401-406; *LaSalle Nat. Bank v. City of Chicago* (1955), 6 Ill.2d 22, 29; *Seith v. City of Wheaton* (1967), 89 Ill.App.2d 446, 450, 451; *Herzog Corp. v. City of Des Plaines* (1954), 3 Ill.2d 206, 209) and in the posture of the case and the pleadings before the judge at the time he issued his memorandum opinion we would see no basis for reversal.

However, we consider the further argument of plaintiffs that the court erred in striking the second amended complaint which was filed upon a motion made some time subsequent to the date of the court's memorandum opinion. The amendment added a Count II which alleged the invalidity of the restrictions attached to the C-1 zoning of the Tecton property as "contract zoning" and also alleged that the later Resolution purporting to classify the property as R-3 was void as having been adopted without a public hearing as required by law. In the amended complaint the plaintiffs prayed that the court consider the property as C-1, without restrictions, in its determination of this case.

In our opinion, the court did not commit reversible error—if any error at all—in striking the amendment. The allegations contained in the second amended complaint do not affect the result even if the truth of the statements made therein is assumed.[1] Plaintiffs have sought to attack only the restrictions on the C-1 classification of the Tecton property and have thus sought to leave the C-1 zoning classification in force and in effect. This is not a tenable position. It is conceded that the C-1 classification of the Tecton property was conditioned upon the owner's filing restrictive covenants as to uses permitted on the property, and it follows that if the restrictions are invalid, the zoning classification which was based and conditioned upon these restrictions is also invalid. Thus, assuming there was merit in plaintiffs' attack upon the validity of both the R-3 and C-1 (with Restrictions), this would result—for the purpose of this proceeding—in the Tecton property reverting to the R-1 classification which preceded the C-1 zoning. (*Michigan-Lake Bldg. Corp. v. Hamilton* (1930), 340 Ill. 284, 298). Even assuming that the trial court

---

[1] In addition, even if the granting of the C-1 zoning conditioned on the Declaration of Restrictions constitutes contract zoning (and arguendo would thereby be void) and, further, even if the later Resolution zoning the Tecton property R-3 (in response to the Tecton property owner's proposal to erect a multiple family unit development) were also to be held void because of the lack of the requisite public hearing and notice thereof, there are other serious questions present which are relevant to the merits of plaintiffs' second amended complaint; first, a question is presented as to plaintiffs standing to attack the zoning of the Tecton property collaterally in this proceeding. In the cases cited by the plaintiffs (*Whittingham v. Village of Woodridge* (1969), 111 Ill.App.2d 147; *Garner v. County of DuPage* (1956), 8 Ill.2d 155 and *Treadway v. City of Rockford* (1962), 24 Ill.2d 488), it was the zoning of the adjoining property that was directly involved and not the zoning of petitioner's property. Here the zoning of the adjoining property is only indirectly involved on the issue of the character of the surrounding property. Further, in Illinois, the legal status of so-called "contract zoning" appears not to have been decided although there is *dicta* in *Treadway v. City of Rockford* (1962), 24 Ill.2d 488 and *Hedrich v. Village of Niles* (1969), 112 Ill.App.2d 68 indicating disapproval of such ordinances. In the view we have taken of the case, we find it unnecessary to rule on any of these questions.

406

was in error in holding that the zoning classification of the Tecton property could not be collaterally attacked in this proceeding, its judgment would not be affected, for a court of review will not reverse a judgment which is the correct one even if it is based upon an incorrect reason. *Rosehill Cem. Co. v. City of Chicago* (1933), 352 Ill. 11, 33; *Dvorson v. City of Chicago* (1970), 119 Ill.App.2d 357, 365.

■ The plaintiffs also argue that the court committed reversible error when it refused to hold that defendant's failure to expressly deny the allegation in the complaint that the Tecton property was zoned C-1 constituted a binding judicial admission. We find from our examination of the record that the city consistently took the position throughout the trial that the Tecton tract, although zoned C-1, was subject to the Declaration of Restrictions and the subsequent resolution adopted by the city. *Rosbottom v. Hensley* (1965), 61 Ill.App.2d 198, is not helpful to plaintiffs under the circumstances of this case.

Considering the whole record, we are of the opinion that the plaintiffs did not sustain their burden of showing that the zoning classification of the subject property was unreasonable and unconstitutional. We, therefore, affirm the judgment of the trial court.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.