Charles S. Coldeh, Off. Ref.
This is an action for injunctive relief and for a declaratory judgment. It challenges the validity of an ordinance of the Town of Islip, adopted by the town board on December 21, 1954, amending the zoning ordinance of the Town of Islip so as to change the zone classification of a single parcel of land, located at the northwesterly corner of Bay Shore Road and Udall’s Road, West Brentwood, in the town of Islip, to a business district. This parcel was formerly located, with the surrounding property, in a residence A district.
The plaintiffs are neighboring property owners. The defendants are the Town of Islip, the members of the town board, the building inspector of the town, and Charles Housler and Grace Housler, the owners of the rezoned property. The said property is a corner of land, about 210 feet in frontage along the northerly side of Bay Shore Road and about 230 feet in depth along the westerly side of Udall’s Road. The parcel is irregular in shape.
Bay Shore Road and Udall’s Road are predominantly residential areas, as appears by the map of P. Backston, dated May 11, 1955, annexed to the complaint. The entire area surrounding the rezoned property is residence A for blocks around, except for a business zone slightly more than a block in length on both sides of Bay Shore Road, commencing one block easterly of the rezoned property. Plaintiff John Church owns the premises immediately adjacent to the rezoned property on the west thereof and the plaintiffs Frank Verricelli and his "wife own the premises adjoining the rezoned property on the north and have their residence on this parcel. Plaintiffs William Schlageter and his wife live across Udall’s Road on land owned by them easterly of the rezoned property. The rezoned property is owned by the defendants Charles Housler and Grace Housler.
On May 2, 1953, Charles Housler applied to the town board of the Town of Islip for a change of zone of the rezoned *812 property from residence A zone to business zone. The application was referred to the planning board which body, at its meeting on July 10, 1953, recommended that the application be denied. Thereafter at a meeting on July 14, 1953, the town board denied the application.
On May 31, 1954, the defendant Charles Housler again in his name only made application for a change of zone from residence A zone to business zone. On July 8,’ 1954, a-public hearing was held by the town board which again referred the matter to the town planning board. On August 13, 1954, the town planning board recommended that the application be denied on the ground that to grant the application would constitute “ spot zoning.” The planning board so advised the town board. Thereafter on December 21, 1954, the town board, at a special meeting, again considered this second application. It ignored the recommendation of the planning board and unanimously granted a change of zone. However, the change of zone was granted upon condition that the applicant file a satisfactory deed declaration to be recorded in the Suffolk County Clerk’s office at Riverhead and to contain the following stipulations:
“ 1. The buildings shall not total more than 25% of the area.
“ 2. An anchor post fence, or equal, six feet high, is to be erected five feet within the boundary line of the property.
“ 3. Live Shrubbery, 3 feet high either within or outside of the fence is to be planted, and allowed to grow to the height of the fence and after that, to be maintained at the height of the fence.
‘ ‘ 4. The above must be performed or put in operation before carrying on any retail business on the property.”
Thereafter a declaration was executed by defendant Charles Housler. His co-owner, Grace Housler, did not join in the instrument which was recorded in the Suffolk County Clerk’s office on January 24, 1955.
As has been indicated, the rezoned property is located on the northwesterly corner of Bay Shore Road and Udall’s Road, West Brentwood, in the town of Islip. Across the street from the rezoned parcel, and on the northeast corner of the same intersection, is a parcel of property owned by one James J. Cribbin, Sr. After the Housler change of zoning application was granted Cribbin filed an application for a similar change of zone. His application came before the Islip Town Board on September 29, 1955, and was denied by the board on the ground that it would involve “ spot zoning.” The town board did not refer the Cribbin application to the town planning-board for consideration.
*813 At the request of counsel, this Official Referee made a personal inspection of the several properties involved in tin’s action. Plaintiffs’ testimony as to the development, use and character of this area was sustained by such inspection. A short distance from the rezoned property, perhaps a couple of blocks away, there is presently a substantial business zone east of the Housler property. In that zone are presently 12 occupied stores, one professional building, a gasoline service station and three vacant stores. Certain it is that the occupied and vacant stores furnish facilities far in excess of the business needs of the area involved. The determination of the planning board that the Housler application was “spot zoning ” is confirmed by an inspection of the area. No public need or convenience has been indicated, and the conclusion is inevitable that the action of the town board, in granting the Housler zoning application, was capricious and arbitrary and not in compliance with the public convenience or any system of orderly planning or any consideration of the needs of the community. From all of the evidence in this case it is clear that the plaintiffs are aggrieved persons who have proper standing to maintain this action. The granting of the application was clearly “ spot zoning ’ ’ and was not part of any comprehensive plan of orderly zoning and, assuredly, does not promote the general welfare of the community, but was exclusively for the benefit of the individual owners of the rezoned property. (Freeman v. City of Yonkers, 205 Misc. 947; Deligtisch v. Town of Greenburgh, 135 N. Y. S. 2d 220.)
The Islip Town Board, at its meeting on December 21, 1954, granted the application of the defendant Charles Housler “ subject to the filing of a satisfactory deed declaration to be recorded in the County Clerk’s Office, Riverhead, embodying the following stipulation ” to which reference has heretofore been made. The declaration was of no effect for the reason that it was signed by only one of the owners of the rezoned property. Even more serious, insofar as the legality of the action of the town board is concerned, is the attempt on the part of the town board to enter into a plan of zoning by contract. In the New York Law Journal of April 6, 1955 (p. 4), appears an excellent article entitled “ Zoning by Contract With Property Owner ” by Ralph W. Crolly and C. McKim Norton, wherein it is stated, among other things:
“ The principle involved may be simply stated. A municipality has no power to make any agreement or deal which will in any way control or embarrass its legislative powers and duties. Neither the police power of the State itself nor that *814 delegated by it to a municipality is subject to limitation by private contract; nor is the exercise of such power to be alienated, surrendered or limited by any agreement or device.
“ Zoning of properties by a municipality, being legislative in character, cannot be bargained or sold. The rezoning of a parcel of property by a municipality based in any toay upon an offer or agreement by an owner of property is inconsistent with, and disruptive of, a comprehensive zoning plan.” (Emphasis supplied.)
The article in the Law Journal then proceeds to quote from Bassett’s Zoning, 1940, at page 184 as follows: “ Contracts have no place in a zoning plan. Zoning, if accomplished at all, must be accomplished under the police power. * * * There is no consideration for such a bargain because the municipality cannot receive a consideration for taking steps in legislation. Its legislation is not and ought not to be for sale.” (Emphasis supplied.)
The Law Journal article concludes with the statement: “ In cases of rezoning based on arrangements with property owners the end cannot, as some municipal governing bodies pretend, justify the means, because such municipal action, whether deliberate or ignorant, is not in accordance with law. Municipal governing bodies in such cases are not free, as they apparently assume, to do that which to them seems to be expedient or beneficial to the community. Their delegated powers are subject to many limitations. It is not, and cannot be, made a question whether in any case their intentions or motives are proper or improper; it is a matter of power and authority. Property owners generally can have little regard for zoning restrictions when municipal governing bodies do not act in accordance with law. This kind of unauthorized official action, which tends to subvert the spirit and purpose of zoning, should cease.”
The plaintiffs have established by a preponderance of the credible evidence their cause of action set forth in their complaint. They are granted judgment as prayed for in the complaint, with costs and disbursements of this action. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment on notice.