(No. 36751.—

RAY TREADWAY *et al.*, Appellants, *vs.* THE CITY OF ROCK-
FORD *et al.*, Appellees.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

BERRY & SIMMONS, of Rockford, for appellants.

WILLIAM E. COLLINS, Corporation Counsel, and BROWN, CONNOLLY and PADDOCK, both of Rockford, (DAVID S. PADDOCK, KENNETH F. RITZ, and WILLIAM E. COLLINS, of counsel,) for appellees.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This is a suit to declare invalid an ordinance of the city of Rockford rezoning certain property from a residential to a business classification, and to enjoin the construction of a shopping center thereon. The plaintiffs, an adjoining property owner and nearby neighbors, attack the substance of the ordinance as unreasonable and unconstitutional and also contend the ordinance is invalid because of a failure to follow the requisite procedural steps in its enactment. The trial court entered judgment in favor of the defendants but included in its order a number of conditions and restrictions not included in the ordinance. Plaintiffs have appealed from the judgment of the trial court, and defendants have filed a cross appeal, contending that the additional restrictions imposed by the trial court are erroneous and should be stricken.

The trial judge certified that the case involves the con-

stitutionality of the zoning ordinance as applied to the property in question, but he did not certify that in his opinion the public interest requires a direct appeal. Although the certificate is insufficient to confer jurisdiction on direct appeal, the case is properly before us because a constitutional question is involved. See *Illinois · National Bank & Trust Co. of Rockford* v. *County of Winnebago,* 19 Ill.2d 487; *La Salle National Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40.

Three questions are raised on appeal: (1) whether the amendatory ordinance was validly enacted; (2) whether the amendatory ordinance is unreasonable and unconstitutional; (3) whether the trial court erred in incorporating in its order conditions and restrictions not included in the ordinance. A purely logical procedure suggests that these questions should be considered in the order stated, since disposition of the first might make it unnecessary to consider the other two, and disposition of the second might render consideration of the third superfluous. Under the somewhat unusual circumstances of this case, however, resulting from the approach of the trial judge to zoning questions, the issues involved may be dealt with more expeditiously and understandably by considering the questions in reverse order.

The amending ordinance rezoned the property from a residential classification to local business, subject to a covenant on the part of the property owner as to the nature of the improvements to be constructed. The judgment of the trial court, although finding the ordinance "valid and reasonable as applied to the subject property * * * insofar as it allows the use of said property for shopping center purposes," imposed further conditions and limitations in addition to those provided by the ordinance. In addition, the judgment order provided that the court should retain jurisdiction until the terms of its order have been fully complied with "and from time to time thereafter for super-

vision and control." Some of the conditions imposed in the order were included in the covenant which was, in effect, incorporated by reference in the ordinance, but others went well beyond the restrictions of the ordinance and regulated such matters as the height of the lighting and the diameter of the trees to be planted.

The defendants, on cross appeal, contend that the trial court committed error in imposing restrictions and directions not included in the ordinance and in retaining jurisdiction for continued supervision and control. Plaintiffs, although contending that the trial court erred in holding the ordinance valid, argue that the court had authority to impose the conditions and directions in question and cite, in support of this authority, our decisions in *Sinclair Pipe Line Co* v. *Village of Richton Park,* 19 Ill.2d 370, and *Illinois National Bank & Trust Co.* v. *County of Winnebago,* 19 Ill.2d 487.

The trial judge apparently interpreted our decisions in *Sinclair Pipe Line Co.* v. *Village of Richton Park,* 19 Ill.2d 370, and in three other cases decided the same day, *Franklin* v. *Village of Franklin Park,* 19 Ill.2d 381, *Nelson* v. *City of Rockford,* 19 Ill.2d 410, and *Illinois National Bank & Trust Co.* v. *County of Winnebago,* 19 Ill.2d 487, as sanctioning the type of order entered in the present case. In each of these cases, the trial court had found a zoning ordinance unreasonable in its application to specific property, and the question was whether the court was limited to declaring the ordinance invalid as applied to the property, thus leaving the property unzoned, or could frame its decree with reference to the record to permit the property owner to proceed with the proposed use giving rise to the litigation without throwing the property open to other uses not involved in the litigation. The *ratio decidendi* of these cases was fully set forth in our opinion in the *Sinclair Pipe Line Co.* case. There we pointed out that a rigid adherence to the approach in *La Salle National Bank* v. *City of Chicago,* 4 Ill.2d 253,

under which the necessary effect of a decision declaring a zoning ordinance invalid would be to leave the property unzoned, might result in two equally undesirable consequences, (1) that the municipality might rezone the property to another classification still excluding the use proposed thus making further litigation necessary to test the validity of the new classification, or (2) that a decree induced by evidence depicting a particular use in a highly favorable light would not restrict the property owner to that use, and he might thereafter use the property for an entirely different purpose. We held that, under these circumstances, it was "appropriate for the court to avoid these difficulties by framing its decree with reference to the record before it" and that, in a case where the record was shaped in terms of a specific contemplated use, the relief awarded "may guarantee that the owner will be allowed to proceed with that use without further litigation and that he will not proceed with a different use." 19 Ill.2d 370, 378-379.

The situation upon which our decision in *Sinclair Pipe Line Co.* v. *Village of Richton Park,* 19 Ill.2d 370, was predicated does not exist in the instant case, nor are the difficulties inherent in that situation present. The ordinance here under attack is an amendment rezoning the property from a residential to a local business classification. If the court finds the amendment valid, the property is zoned in accordance with the amendment. If the court holds the amendment invalid, the property is still subject to the original zoning classification. In neither event can the effect of a decision in this case be to leave the property unzoned. The reasons justifying the type of decree involved in the *Sinclair Pipe Line Co.* case are absent in this case, and the trial judge was without authority to impose restrictions in addition to those imposed by the municipality.

If it were clear that the trial court had in fact upheld the validity of the ordinance, and if, after a review of the record, we were to conclude that the trial court had properly

so held, then the error of the trial court in imposing the additional restrictions could be cured by striking the offending portions of the order. We cannot, however, assume that the trial court would have held the ordinance reasonable and valid in the absence of the additional restrictions which he apparently deemed it necessary to impose. Indeed, the record is replete with statements of the trial judge indicative of a fundamental misapprehension of the nature of the judicial function in a zoning case. For example, he referred to a "group of cases" (presumably *Sinclair Pipe Line Co*. v. *Village of Richton Park* and the three other cases heretofore referred to in connection therewith) as having "thrown the whole burden of zoning in the lap of the circuit court." He intimated that the validity of the ordinance is really a matter of no great consequence, stating that the "ordinance in and of itself is nothing more than evidentiary as to what should or should not be done." He seemed perplexed at the idea that the suit was "challenging the validity of the ordinance and not having the court zone it," and indicated that he couldn't understand how anyone could challenge the validity of the ordinance. He admitted that his view was summed up in a statement that "the ordinance is merely one item of evidence to be taken into consideration by the court on the question of how the land should be zoned."

The entire record is permeated by the trial court's misapprehension of its function in a zoning case. It is apparent that the trial judge conceived that he bore the ultimate responsibility for determining in minute detail what zoning regulations should govern the property in question. This is, of course, completely at variance with the fundamental principles governing zoning cases, which have been reiterated many times. Zoning lies primarily within the province of the municipality, and it is neither the province nor the duty of courts to interfere with the discretion with which the municipal authorities are vested unless the action of the municipal authorities is shown to be unrelated to the public

health, safety, and morals. (See, *e.g., La Salle National Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40, 46.) Nothing in our decision in *Sinclair Pipe Line Co.* v. *Village of Richton Park,* 19 Ill.2d 370, nor in any of the similar cases, detracts from this fundamental principle.

In view of the fundamental error in the basic approach of the trial court, we are unable to regard his decision as an unequivocal determination in favor of the validity of the ordinance which can be intelligently reviewed by us on this appeal. In view of this fact, it is our opinion that the cause must be remanded for a new trial conducted in accordance with the fundamental principles governing zoning cases.

Plaintiffs also attack the validity of the ordinance on procedural grounds. The governing statute provides that the regulations imposed and the districts created by a zoning ordinance may be amended by ordinance, but that no such amendment shall be made without a hearing before some commission or committee designated by the corporate authorities, and requires that notice of the hearing be given by newspaper publication. (Ill. Rev. Stat. 1959, chap. 24, par. 73—8.) The Rockford zoning ordinance, in a section headed "Changes and Amendments—How Initiated," provides that "any proposed change in district boundaries, use or regulations" shall be initiated either (a) by the board of appeals on its own motion, (b) upon instructions from the city council, or (3) upon petition of one or more property owners, stating the use to which the property is to be placed and accompanied by plats or drawings indicating clearly the proposed use of the premises under the zoning change. Subsequent sections make provision for notice and hearing by the board of appeals and for a report by the board to the city council.

The complaint alleges that the owner of the subject property presented a petition to the zoning board of appeals, requesting that the property be rezoned to local business for the purpose of a shopping center; that notice was published

as required; that a hearing on the petition was held by the zoning board of appeals on October 12, 1960, at which the petition was denied by a vote of three to three; that the meeting was thereafter adjourned; that thereafter the attorney for the property owner requested that a further hearing be had; that without a new petition being filed or a new publication being had the zoning board proceeded to a second hearing on December 13, 1960, and by a majority vote recommended the rezoning, and that thereafter the rezoning ordinance was passed by a majority vote of the city council. The answer admits these allegations, but denies the necessity for a new petition or a new publication, and denies that either the zoning board or the city council acted unlawfully.

Plaintiffs contend that the tie vote of the zoning board was a denial of the petition and terminated the proceedings, and that thereafter the zoning board was without jurisdiction to reopen the matter and recommend the zoning change and that the city council could not properly pass the ordinance. Defendants contend that, since the Rockford zoning board of appeals was acting as a legislative committee in an advisory capacity to the city council, no such final significance can be attributed to the tie vote. They further contend that, even if notice of the second hearing of the zoning board was required, the defendants waived any insufficiency in the notice by appearing at the later hearing.

Unfortunately, the record in this case does not give any clear picture of what transpired in connection with the action of the zoning board. The court refused evidence offered by the defendants as to the procedure before the board of appeals, saying: "As far as this Court is concerned, all is forgiven when the City Council passes an ordinance. I don't care what they do before the Zoning Board at all." Plaintiffs did not seek to introduce any evidence on this point, apparently regarding the essential facts as admitted

in the pleadings. However, the allegations of the complaint with respect to this point are, to a considerable extent, more in the nature of conclusions of law than allegations of ultimate fact. If the record were such that we could properly arrive at a decision on the substantive merits of the controversy, we would be inclined to hold that the plaintiffs had failed to sustain the burden of proof in their attack upon the ordinance on procedural grounds. Since, however, the cause must be remanded for a new trial on other grounds, we feel impelled to say that the trial court's view that what preceded the enactment of the ordinance is immaterial is clearly wrong. It is obvious that when a statute prescribes certain steps as conditions to the enactment of an ordinance these steps must be substantially complied with, and we have further held that where a general zoning ordinance includes additional procedural requirements for its amendment, not inconsistent with those of the statute, these requirements must also be complied with. (*Cain* v. *Lyddon,* 343 Ill. 217.) Thus to say, as the trial court, in effect, did, that what preceded the passage of the ordinance by the city council is immaterial is obviously too sweeping a statement.

One other point should be mentioned. All the parties have argued as if this were an ordinary amendment rezoning property from one classification to another within the framework of the general zoning scheme set forth in the original ordinance. The ordinance in question is not, however, an unconditional amendment rezoning the property from a residential to a local business classification. It is conditional upon the owner's entering into a covenant setting forth in some detail the nature of the improvements to be erected on the property. Such conditional amendments have not fared well in the courts of other jurisdictions, and have frequently been invalidated either because they introduce an element of contract which has no place in the legislative process or because they constitute an abrupt departure from the comprehensive plan contemplated in zon-

ing. (*Carole Highlands Citizens Ass'n* v. *Board of County Commrs. of Prince Georges County,* 222 Md. 44, 158 A.2d 663; *Rose* v. *Paape,* 221 Md. 369, 157 A.2d 618; *Baylis* v. *City of Baltimore,* 219 Md. 164, 148 A.2d 429; *Houston Petroleum Co.* v. *Automotive Products Credit Ass'n,* 9 N.J. 122, 87 A. 2d 319 *Hartnett* v. *Austin,* (Fla. 1956-7), 93 So. 2d 86; Bassett, Zoning, p. 184; but see *Church* v. *Town of Islip,*) 6 Misc. 2d 810, 160 N.Y.S. 2d 45.) This aspect of the ordinance, however, was not raised in the trial court and is not properly before us on this appeal.

For the reasons indicated in this opinion, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*