■ MADELINE LEVINE et al., Respondents-Appellants, v. TOWN OF OYSTER BAY et al., Respondents, and JACK SKODNEK et al., Appellants-Respondents. SILICON TRANSISTOR CORPORATION, Intervenor.— In an action to declare void an amendment of the Building Zone Ordinance of the Town of Oyster Bay relating to the property of the defendants Skodnek, the latter appeal from a judgment of the Supreme Court, Nassau County, entered January 28, 1965, in favor of plaintiffs after a nonjury trial; and plaintiffs cross appeal from so much of said judgment as contains determinations deemed by them to be adverse to them. On appeal by defendants Skodnek, judgment affirmed, with costs to plaintiffs payable by appellants Skodnek. Cross appeal dismissed, without costs. Since the judgment awarded to plaintiffs all the relief they demanded and their cross appeal is addressed only to the fact that all their separate arguments were not adopted by the trial court, they are not aggrieved parties and there is no valid basis for an appeal by them. Accordingly, their purported cross appeal must be dismissed. On the merits, it appears that on May 14, 1963 after a public hearing the Town Board of Oyster Bay by a 4–3 vote adopted a resolution amending the Building Zone Ordinance, changing appellants' approximately 14 acres of land from a residential "D" district to an industrial "H" one. One of the four conditions attached to this amendment was that the grade of the affected piece was to be reduced to that of Brush Hollow Road on which it fronted. The existing grade is 15 to 18 feet higher than the road and will require the removal of approximately 267,000 cubic yards of earth. Plaintiffs are four homeowners whose residences are adjacent to or in the immediate vicinity of the rezoned parcel. To the east of Brush Hollow Road, a four-lane road, there is an industrial park and other industrially-used properties. To the west is a large residential zone which is substantially developed with residences (including plaintiffs' homes), except for the appellants' parcel; and amidst the rezoned parcel is a small piece of property, owned by another, which fronts on Brush Hollow Road and which is used as a gas station, and it is classified as a nonconforming use in the residential zone. The zoning amendment was struck down solely on the ground that the condition concerning the grade of the rezoned parcel was *in futuro*. The decision in *Church* v. *Town of Islip* (6 Misc 2d 810, revd. 8 A D 2d 962, affd. 8 N Y 2d 254) teaches that conditions per se do not void zoning amendments. However, in this case the condition was proposed by the applicants for the down-zoning and was adopted *in toto* by the Town Board. There was no such circumstance in Church and, unlike Church, there is nothing to show an inexplorable march of industry into the properties west of Brush Hollow Road; such an eventuality is impossible due to the maximum utilization of that area for residence purposes. This rezoned parcel is the first industrial intrusion in the area and it seriously upsets the use balance that had been advised and maintained with respect to the zoning on each side of the Brush Hollow Road buffer. Another important consideration indicating the Town Board's over-all plan is the fact that the nonconforming gas station use was not rezoned and was left in the residential district. Thus, the evidence supports the conclusion that this zoning amendment was not made for the general welfare of the town but for the personal benefit of appellants, who petitioned for precisely the change and conditions that were adopted. This constitutes spot or contract

zoning (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115). We have considered all the other points raised and find it unnecessary to pass upon them. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur. [46 Misc 2d 106.]