ERIK CEDERBERG, Plaintiff-Appellee, *v.* THE CITY OF ROCKFORD *et al.,* Defendants-Appellants.

(No. 71-303;

Second District—December 30, 1972.

*Rehearing denied January 23, 1973.*

A. Curtis Washburn, Assistant City Attorney, of Rockford, for appellants.

Thomas, Thomas & Maggio, of Rockford, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant City appeals from an order entered in a declaratory judgment action whereby the trial court held valid an ordinance granting local business zoning to certain property owned by plaintiff's predecessor-in-title, but found void a restrictive covenant which limited the otherwise permissible local business uses allowed on that land. The court

made no findings or determination on the second count of the complaint concerning equitable estoppel.

On appeal, the City does not contest the finding that the restrictive covenant is void but argues, generally, that if the restrictions fall so must the zoning ordinances.

Taken with the case is a motion to dismiss the appeal in which plaintiff argues that because the restrictive covenant was waived subsequent to the decision of the trial court, the question of its validity is moot. Since the validity of the ordinance itself is still subject to review, the motion to dismiss is denied.

On May 13, 1968, prior to plaintiff's purchase of subdivision lots 16, 17 and 18, an ordinance was passed rezoning lots 17 and 18 from residential to local business. (Lot 16 was rezoned in the same manner on September 3, 1968.) On May 14, 1968, a restrictive covenant, affecting only Lots 17 and 18, was executed by the then-owner and was thereafter recorded. (Evidence indicates that this was done at the suggestion of the zoning committee, coincidental with, and as a condition to, passage of the committee's report recommending rezoning.) The covenant provided that, notwithstanding the granted local business classification (which, by City's ordinance, permits forty-four types of local businesses), use of the land in question would be limited to offices. On February 27, 1969, a waiver of the covenant, approved by the mayor, was filed and a replacement covenant was recorded. The latter's terms, stated within the covenant to be in accordance with a report of the City's zoning committee, provided that twenty-six enumerated uses, otherwise permitted in a local business district, would not be allowed on the lots in question. The trial court found that the restrictive covenant was an improper attempt by the City to control the use of the land. Neither party contests this finding.

Plaintiff began considering purchase of the property in question approximately two years prior to actual acquisition. Negotiating through a realty agency, he informed the agent that he wanted to build a laundry center, including a laundromat, sales showroom and service department. The record indicates that as a result of representing the vendor in a prior sale of the property, the realtor had knowledge of the restrictive covenant affecting the property, but it is unclear if he knew whether plaintiff's proposed use would be permitted under the covenant. Plaintiff testified that he was informed by the agent that a retail business would not be restricted. The agent testified that, before plaintiff made his formal offer to purchase, the City's building department was consulted concerning the feasibility of constructing the laundry center on

the property, and its representative indicated such a use would be allowed. On January 15, 1971, plaintiff made a written offer to purchase the premises contingent upon obtaining financing and a building permit to construct the laundry center.

From February through April of 1971, plaintiff had several conversations with one Roy Hunt, a building department inspector and zoning official. Plaintiff submitted his sketches and plans for the proposed laundry center to the department. Roy Hunt testified that during this time he was unaware that there was a restrictive covenant in existence. At all times during this period, he orally assured plaintiff that the building permit necessary to carry out the plans would be issued. Plaintiff obtained an updated title policy with an effective date of March 20, 1971; the policy did not include a copy of the restrictive covenant although it did indicate the existence of the restriction and gave reference to the microfilm number on which it was recorded.

The real estate closing occurred on April 15, 1971; a temporary building permit was issued on April 20, and a permanent one on April 28. Plaintiff, acting as general contractor, started excavation on April 23. On May 5, a stop order was issued by Roy Hunt, he having been directed by resolution of the City Council to halt construction because of the existence of the restrictive covenant.

Although defendant had, in the trial court, asserted the validity of the restrictive covenant, on appeal both parties agree that the covenant was a type of "contract zoning" and, as such, is void. The precise question left for review is what effect, if any, the restrictive covenant bore upon the validity of the ordinance rezoning the property from a residential to a local business district.

The briefs of both parties cite three cases as authority for the conclusion that the restrictive covenant is void: *Houston Petroleum Co. v. Automotive Prod. C. Assn.*, 9 N.J. 122, 87 A.2d 319 (1952); *Hartnett v. Austin*, 93 So.2d 86 (S.Ct. Fla. 1956); *Baylis v. City of Baltimore*, 148 A.2d 429 (Ct. of App.Md. 1959). Each of these cases condemns the practice of regulating zoning through agreements or contracts between the zoning authorities and property owners.[1] While no single basis for the rule against such zoning practices emerges from the cases cited, among the court's reasons are that by entering into agreement with the property owner, the zoning authority might use the zoning power to further private interests in violation of public policy; that such rezoning

---

[1] See also, *Carole Highlands Cit. Ass'n. v. Board of County Com'rs.*, 158 A.2d 663, 222 Md. 44, (Ct. of App.Md. 1960); *Rose v. Paape*, 221 Md. 369, 157 A.2d 618, (Ct. of App.Md. 1960).

is a deviation from a basic zoning plan resulting in non-uniform application of the zoning law and inconsistencies within a zoning classification; that when the actual zoning requirements in force are determined by reference to evidence extrinsic to the zoning ordinances, the zoning law is rendered vague.

██ We agree with the trial judge and the parties to this appeal that the restrictive covenant in question was an invalid attempt by the City to control the use of the land. Evidence is clear that there was an agreement between the City Council and the prior landowner, by which the local business zoning classification would be granted if a restrictive covenant was executed, limiting the business uses permitted on the land. The cases cited support the conclusion that, under these circumstances, the restrictive covenant is void.[2] In addition, although the exact problem presented by this case seems never to have been decided in Illinois,[3] a somewhat similar case has established the rule that "zoning ordinances should not be subject to bargaining or contract." (*Hedrich v. Village of Niles,* 112 Ill.App.2d 68, 77 (1969).) It was there noted that when zoning is conditioned upon collateral agreements or other incentives supplied by a property owner, the zoning officials are placed "in the questionable position of bartering their legislative discretion for emoluments that had no bearing on the requested amendment." (*Hedrich, supra,* at p. 78.) This reasoning is clearly applicable to the instant case. There is no indication in the record that the rezoning was necessary or that it was granted only after a consideration of the appropriate use of the land within the total zoning scheme of the community.

None of the cases cited to us, and none we have found, have, however, resolved the specific question of whether or not, in this case, the zoning ordinance involved is valid. It is to be noted that in *Hartnett v. Austin, supra,* and *Baylis v. City of Baltimore, supra,* the zoning ordinance itself contained the restriction to which the property would be subject. Those cases are thus distinguishable from the instant one and from *Houston Petroleum Co. v. Automotive Prod. C. Assn., supra,* where the ordinances were absolute on their face, making no reference to restrictions. Even in *Houston Petroleum Co.,* where the underlying ordinance was apparently

---

[2] While we are aware of several cases which might seem to indicate an opposite conclusion, we find them to be distinguishable in their facts or unpersuasive in their reasoning. See, *Johnson v. Griffiths,* 141 N.E.2d 774, 779-780 (Ct. of App. Ohio 1955); *Pressman v. City of Baltimore,* 222 Md. 330, 160 A.2d 479 (Ct. of App.Md. 1960); *State v. City of Spokane,* 422 P.2d 790, 794-796 (S.Ct. Wash. 1967) and cases cited therein; *State ex rel. Zupancic v. Schimenz,* 174 N.W.2d 533 (S.Ct. Wis. 1970).

[3] See, *Treadway v. City of Rockford,* 24 Ill.2d 488, 496-497 (1962); *Shibata v. City of Naperville,* 1 Ill.App.3d 402, 405 (1971).

not disturbed when the restrictive agreement was declared void, the court does not supply a rationale for its decision.

■ It is basic that the zoning power of local authorities is derived from the statutes. (See, *Park Ridge Fuel Co. v. Park Ridge*, 335 Ill. 509, 516 (1929).) The grant of zoning power is found in Ill. Rev. Stat. 1969, ch. 24, sec. 11—13—1 *et seq*. Nowhere is there set forth a power by which local authorities may enter into restrictive covenants as found in this case. The entire context of Division 13 of chapter 24, section 11, demonstrates that the zoning power must be exercised through the ordinances of the local authority, and section 11—13—1 indicates that the power may be used only for the promotion of the public health, safety, comfort, morals, and welfare.

■■ We hold the ordinance here in question, void. The ordinance was adopted only because of the limitations contained in the restrictive covenant. The record discloses that the City gave no consideration to the statutory standards of public health, safety, comfort, morals and welfare. The effect of the enactment taken together with the covenant, was to create a classification not set forth in the general zoning ordinances.

We therefore affirm the trial court's decision to void the restrictive covenant, but reverse that part of its decision which found the rezoning ordinance valid.

The record before us discloses that some evidence was introduced with regard to the second count of plaintiff's complaint, equitable estoppel, but it appears that introduction of certain evidence on this issue was limited by the trial court, and no finding or determination was made on this count. We therefore remand this cause with directions for the trial court to hear evidence, if necessary, and make a determination on the issue of equitable estoppel as pled.

Affirm in part; reverse in part and remand with directions.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.