CLARENCE ZIEMER, Plaintiff-Appellant, *v.* THE COUNTY OF PEORIA *et al.,* Defendants-Appellees.

(No. 74-372;

Third District—November 14, 1975.

Ralph J. Coletta, of Peoria (Edmund F. Harmon, of counsel), for appellant.

Michael Mihm, State's Attorney, and Davis, Morgan & Witherell, both of Peoria (Stephen Gay, of counsel), for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Clarence Ziemer brought an action for declaratory judgment in the Circuit Court of Peoria County seeking invalidation of an amendment to the county zoning ordinance which reclassified 5 acres of farm land adjoining plaintiff's farm from agricultural B-3 commercial to permit defendant George Hanlon to build and operate a dance hall-tavern on the premises. Judgment for defendants was entered at the close of plaintiff's evidence, and plaintiff appeals.

Plaintiff alleged two grounds for invalidating the reclassification: (1) that the amendment was unlawful conditional or contract zoning because it was conditioned upon a restrictive covenant limiting use of the property to a dance hall-tavern, and (2) that the ordinance was an arbitrary and unreasonable classification of Hanlon's property because it was "spot zoning."

According to the record, plaintiff's farm is composed of 50 acres of rolling nontillable land, suitable primarily for concentrated feeding of poultry and livestock. The farm is improved with a home, barn and several accessory outbuildings. For many years plaintiff raised turkeys and, to prepare his turkeys for sale, he operated a slaughterhouse and processing plant employing 18 persons. During 1973 and 1974, he discontinued turkey production because of economic conditions, and, at the time of trial, he was engaged in raising hogs and cattle. However, the special purpose buildings for processing turkeys remain on the premises and are not adaptable to other uses. Plaintiff's farm has a 100-yard common boundary with Hanlon's 5-acre tract.

Defendant Hanlon was a country-western bandleader who purchased the disputed 5-acre tract in February, 1974. This land had been used continuously for growing crops and was zoned agricultural at the time of purchase. It is located in a sparsely populated rural area surrounded by farm land. Hanlon proposed to operate a country-music dance hall serving alcoholic beverages, with plans to accommodate 800-1000 people drawn from a 30-mile radius, including Galesburg and Peoria.

He petitioned for rezoning of the 5-acre tract, and, on April 2, 1974, the Zoning Board of Appeals recommended approval, subject to the following restrictions: (1) that Hanlon dedicate to the County of Peoria land to provide a total width of 50 feet from the centerline of Illinois Route 8; and (2) that he record a covenant running with the land incorporating the decision of the zoning board and his acceptance of it.

On April 17, Hanlon executed a restrictive covenant which provided that, in consideration of the zoning board decision to grant rezoning of his 5-acre tract to allow construction of a dance hall and public enter-

tainment facility, he agreed (1) to restrict the primary use of the real estate to a facility for live entertainment, dancing, serving alcoholic beverages and related uses; (2) to waive and prohibit all other uses in B-1, B-2 and B-3 commercial classification; and (3) prior to construction of any improvement, to dedicate to the County of Peoria an area sufficient to provide a 50-foot wide access to the centerline of Route 8. The covenant recited that it runs with the land and is binding on Hanlon's heirs, personal representatives and assigns.

On May 15, the Peoria County Board approved an amendment to the county zoning ordinance as recommended by the zoning board, subject to the same restrictions as noted above. On May 24, Hanlon recorded his restrictive covenant.

Plaintiff appeared as an objector at the public hearing held by the zoning board, and, after exhausting his administrative remedies, he brought this action to have the amendment declared invalid.

At the bench trial, plaintiff first introduced evidence to establish his standing to bring the action by reason of special damage to his property, and then moved for summary judgment on grounds that the county board's action constituted conditional zoning. After ruling that plaintiff had the requisite standing, the court denied plaintiff's motion for summary judgment. Plaintiff then presented additional evidence to show that the ordinance was arbitrary and unreasonable and without substantial relation to the public health, safety and welfare. At the close of plaintiff's case the trial court granted defendant's motion for judgment. Plaintiff has appealed from both the order denying his motion for summary judgment and from the order entering judgment for the defendants.

Plaintiff contends that the restrictive covenant executed by Hanlon, the action of the zoning board, and the amendment adopted by the county board taken together demonstrate that Hanlon's rezoning request was approved in exchange for his promise to restrict future uses to a dance hall-tavern facility, and to dedicate a 50-foot wide strip of land to the county for highway purposes. Plaintiff asserts that such conditional zoning is invalid in Illinois.

In *Treadway v. City of Rockford*, 24 Ill.2d 488, 182 N.E.2d 219 (1962), the court stated that a conditional zoning amendment may be invalid but expressly refused to rule on that question in the case before it because it had not been raised in the trial court. Instead the court reversed and remanded on grounds that the trial court had exceeded its authority by ordering additional conditions and restrictions not included in the ordinance. The *Treadway* dispute again reached the Illinois Supreme

Court in *Treadway v. City of Rockford*, 28 Ill.2d 370, 192 N.E.2d 351 (1963), and the court, in its statement of facts, explained that a new ordinance had been passed "without the conditional limitations which were the basis for our prior remandment." (See 63 Ill. B. J. 132 (1974) for a criticism of the *Treadway* decisions and subsequent cases.)

Conditional zoning was considered in *Hedrich v. Niles*, 112 Ill.App.2d 68, 77, 250 N.E.2d 791, 795 (1st Dist. 1969), where the appellate court stated:

> "Ordinarily, courts cannot inquire into the reasons motivating a legislative body in enacting zoning regulations and may determine only if the legislative body had the authority to pass the ordinance and, if so, whether it is arbitrary and unreasonable or bears a reasonable relation to the public health, safety and welfare. [Citation.] This long-established rule must, however, be balanced against a more recent one: that zoning ordinances should not be subject to bargaining or contract."

In *Cederberg v. City of Rockford*, 8 Ill.App.3d 984, 291 N.E.2d 249 (2d Dist. 1972), the court ruled that a restrictive covenant, which waived 43 permissible uses in a local business classification and restricted future use to offices, was an invalid attempt by the city to control the use of the land. The court also held the rezoning amendment to be void because the municipal authorities granted the reclassification solely on the basis of an agreement for the restrictive covenant, and failed to consider the statutory standards of public health, safety, comfort, morals and welfare. The court said that the effect of the city's action was to create a classification not set forth in the general zoning ordinances.

Similar issues were involved in *Andres v. Village of Flossmoor*, 15 Ill. App.3d 655, 304 N.E.2d 700 (1st Dist. 1973), where the rezoning amendment itself contained restrictions limiting future use to only one of those permitted in a multiple-family residential district, and imposed additional landscaping requirements for the lot in question. In *Andres*, the appellate court cited the dicta contained in the first *Treadway* decision (*Treadway v. City of Rockford*, 24 Ill.2d 488, 182 N.E.2d 219 (1962)) as the applicable law of Illinois. After an extensive review of authorities, the court held the amendment to be "the very model of invalid conditional zoning."

As these cases indicate, conditional zoning has been condemned on the theory that zoning is a legislative function which should not be accomplished by private contract. To permit each citizen to be governed by legislation based on the best deal he can make with the county (or city) is not consonant with our notion of government by rule of law that affects alike all who are similarly situated. Furthermore, the re-

sulting contract subverts the public policy reflected in the general zoning ordinance, and the contract also inhibits the exercise of the county's police powers.

Those favoring conditional zoning argue that availability of such a "flexible zoning tool" protects the best interests of the public and provides an alternative method of regulation superior to mere withholding of approval. See 63 Ill. B. J. 132 (1974).

In a recent decision, *Goffinet v. County of Christian*, 30 Ill.App.3d 1089, 333 N.E.2d 731 (5th Dist. 1975), the court reviewed the cases cited above and concluded that conditional zoning is not invalid in every instance. In that case, the proposed use was a plant to manufacture synthetic natural gas and would serve an area where a fuel shortage existed. The court found that such use would fill a genuine public need and would "unquestionably serve the public health, safety and welfare." 30 Ill.App.3d 1089, 1096, 333 N.E.2d 731, 736.

Although we acknowledge that special circumstances of overriding public necessity, such as existed in *Goffinet*, may justify the use of conditional zoning in an exceptional case, we believe the general rule invalidating conditional zoning is recognized in Illinois. Neither the County of Peoria nor Hanlon has urged any special circumstances to justify conditional zoning in this case, and the record does not disclose any facts showing that the public health, safety and welfare were considered at the time the zoning amendment was passed. Therefore, we conclude that conditional zoning would be invalid in the case at bar, if proved by plaintiff.

Plaintiff introduced in evidence the rezoning amendment which specifically required the dedication of a 50-foot strip of land as a condition precedent to rezoning Hanlon's parcel. Although the amendment did not expressly require a restriction of future uses, the covenant executed by Hanlon contained such a limitation. Hanlon's restrictive covenant was executed one week after the zoning board approved the rezoning, and before the county board passed the amendment, and was recorded one week after the county board action. Finally, the covenant contains a recital that it is in consideration of the zoning board's approval.

■■ In view of the plain language in the documents and the dates of the various related actions, we believe plaintiff's evidence established a prima facie case showing that the rezoning was approved and the amendment passed in exchange for Hanlon's restrictive covenant. In the absence of evidence to the contrary, the covenant was invalid, and the zoning amendment void. (*Cederberg v. City of Rockford.*) Accordingly, the trial court erred in entering judgment for defendant.

■■ Plaintiff also contends that his motion for summary judgment should have been granted. Under section 57(3) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, § 57(3)), the court should enter summary judgment if the "* * * pleadings, depositions, and admissions on file * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Defendants' answer denies that the reclassification of defendant's property was conditioned on the restrictive covenant. As we have indicated, the documents and other evidence are sufficient to establish a *prima facie* case, but, nevertheless, where a material issue of fact is presented by the pleadings, defendants are entitled to present fully the factual basis for their case. (*Anderson v. Dorick*, 28 Ill.App.3d 225, 327 N.E.2d 541 (3rd Dist. 1975).) Therefore, we hold that the motion for summary judgment was properly denied.

In view of our disposition of this case, it is not necessary to decide whether plaintiff's evidence failed to establish that reclassification of Hanlon's property was arbitrary and unreasonable, or was spot zoning. However, one additional matter deserves comment.

■■ Defendants argue that plaintiff cannot complain about a proposed commercial use of Hanlon's property because plaintiff's slaughterhouse operation is also a commercial use. The Peoria County Zoning Ordinance includes, as a permitted agricultural use, "farm buildings * * * for preparing livestock or poultry products for market * * *. This definition does not include industrial operations such as a * * * slaughterhouse wherein agricultural products produced primarily by others are stored or processed." Plaintiff's poultry processing plant was used to prepare his own turkeys for market, and not those of others, and is thus a permitted use in an area zoned for agriculture.

We therefore reverse the judgment entered, and remand with directions to proceed as though the motion for judgment had been denied by the trial court, pursuant to Supreme Court Rule 366(b)(3)(iii) Ill. Rev. Stat. 1973, ch. 110A, § 366(b)(3)(iii)).

Reversed and remanded, with directions.

STOUDER, P. J., and BARRY, J., concur.