LeROY L. BRUNETTE *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF McHENRY, Defendant-Appellee.

Second District   No. 76-103

Opinion filed May 5, 1977.

Irwin R. Shechtman, of Palatine, and Steven Goldman, of Glencoe, for appellants.

Daniel A. Mengeling, Assistant State's Attorney, of Woodstock, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiffs-Appellants, LeRoy L. Brunette, Ralph Rundell, Alvin J. Kristad, Mario Simonelli and McConnell Road Land Company brought this action in declaratory judgment against defendant-appellee, County of McHenry, seeking a determination that defendant's zoning ordinance was invalid as it applied to their land and that they be permitted to proceed with the proposed use of their property. Plaintiffs were awarded only partial relief and appeal from the judgment order of the trial court.

Plaintiffs are the owners of approximately 50 acres of unimproved land in McHenry County which they wish to subdivide into one-acre, residential lots. Prior to this action the land was zoned "F" under the county zoning ordinance, a classification prohibiting subdivision of land into lots containing less than five acres. Plaintiffs' petition to rezone the land to defendant's "E-2" zoning classification, permitting minimum residential lots of one acre, had been denied by defendant's zoning board of appeals and county board.

It is not necessary to an understanding of the issues presented that a detailed analysis be made of the evidence presented in the trial court by the parties. It necessarily related to those factors to be considered by the court in making its determination of the validity of defendant's ordinance as it applied to plaintiffs' property and to the reasonableness of the use plaintiffs wish to make of their property. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65; *La Salle National Bank v. City of Chicago* (1972), 4 Ill. App. 3d 266, 280 N.E.2d 739.) Suffice it to state here that on consideration of the evidence the court found that the "F" zoning classification of plaintiffs' land was invalid and the proposed use plaintiffs intended to make of the land was reasonable. Defendant does not dispute the correctness of either determination by the trial court.

Defendant conceded in the trial court, and does so here, that the use restriction on plaintiffs' land imposed by its ordinance was unreasonable and invalid. It contends, however, that other less restrictive intervening classifications of the ordinance such as "E" (permitting minimum lot sizes of three acres) or "E-1" (permitting minimum lot sizes of two acres) might be more appropriate for this land than that desired by plaintiffs and that the proper forums for that determination are the zoning agencies of defendant county rather than the courts.

Plaintiffs contend that upon finding the existing zoning classification to

be invalid and the proposed use of the subject property to be reasonable, an order should be entered by the trial court permitting that use of the land and preventing interference with such use by defendant.

The trial court was persuaded, however, by the authority of *First National Bank v. Village of Northbrook* (1st Dist. 1971), 2 Ill. App. 3d 1082, 278 N.E.2d 533, that plaintiffs had an additional burden of proof, which they failed to meet, to also establish the unconstitutionality of all zoning classifications of the ordinance intervening between the current "F" classification of their land and the "E-2" classification which would permit use of the property for one-acre lots. The court held that the question of whether the intervening classifications would be reasonable if applied to the land in issue is properly for decision by defendant county and not the trial court. Defendant was directed to rezone the land to one of these classifications of its ordinance: "E", "E-1" or "E-2". The court retained jurisdiction to again hear and determine the matter should plaintiffs object to the classification decided upon by defendant.

This court has most recently considered the issue in *Aurora National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 239, 353 N.E.2d 61, where it held that after proving an existing zoning ordinance is void as to the property in question, plaintiffs' remaining burden is to show that their proposed use is reasonable, and, in so doing, the trial court need not consider whether all possible alternate zoning classifications of the property would be invalid. (*Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill. 2d 370, 167 N.E.2d 406; *Mangel & Co. v. Village of Wilmette* (1969), 115 Ill. App. 2d 383, 253 N.E.2d 9.) In *Aurora*, the court distinguished *First National Bank v. Village of Northbrook* (1971), 2 Ill. App. 3d 1082, 278 N.E.2d 533, relied upon by defendant herein, for the reason that no determination had been made in that case that plaintiff's proposed use of his land was one reasonably appropriate to it. That same distinction applies in the present case. We further note that subsequent First District cases have declined to follow *Northbrook*. See *First National Bank v. Village of Morton Grove* (1973), 12 Ill. App. 3d 589, 299 N.E.2d 570, and *Stalzer v. Village of Matteson* (1973), 14 Ill. App. 3d 891, 303 N.E.2d 489.

■■  The trial judge in the present case was mindful that it is neither the province nor the duty of the courts to assume the role of a zoning body and determine the most appropriate or suitable zoning for a parcel of land. (*Treadway v. City of Rockford* (1962), 24 Ill. 2d 488, 493, 182 N.E.2d 219, 222-23.) The order directing defendant county to rezone plaintiffs' land to one of three specified classifications would, however, have just that effect although that was not intended by the court. *Fiore v. City of Highland Park* (1966), 76 Ill. App. 2d 62, 76, 221 N.E.2d 323, 330, summarized the relationship in this language:

"The most that a court may do after declaring an existing zoning ordinance void as applied to certain property is to find that the specific use contemplated by the owner is reasonable and may be permitted.

Under such circumstances, the court may frame its decree in the light of the evidence before it with reference to the specific proposed use; and may decree such contemplated use to be a reasonable one. Such decree neither impinges upon the legislative function, nor in effect leaves the property unzoned, with its potential problem of further litigation due to further rezoning by the municipality; and it limits plaintiffs' use of the land to that contemplated and indicated by the record. [Citations.]"

■■ The trial court in the case at bar correctly determined that defendant's zoning ordinance was invalid as it applied to plaintiffs' land and that the proposed use of the land for one acre residential lots was reasonable. The judgment order is reversed, however, insofar as it requires plaintiff to prove the invalidity of the intervening zoning classifications and directs defendant to rezone the land. We remand this cause to the trial court for entry of an appropriate order permitting plaintiffs' use of their land in accordance with the proposed use shown by the evidence.

Reversed and remanded.

RECHENMACHER, P. J., and BOYLE, J., concur.